# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3339

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Pablo Favela-Corral, also known as | * | |
| Pablo Fabelo-Corral, also known as | * | [UNPUBLISHED] |
| Paulo Fabela-Corral, also known as | * | |
| Pavlo Favela, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 6, 2004
Filed: August 19, 2004

_____

Before SMITH, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Pablo Favela-Corral pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. At sentencing, the district court[1] assessed a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, and sentenced Favela-

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

Corral to 188 months imprisonment and 5 years supervised release. On appeal, Favela-Corral challenges the weapon enhancement, arguing that the mere presence of an unloaded firearm did not provide the necessary nexus to the drug offense.

We conclude that the district court did not clearly err in assessing the weapon enhancement. See United States v. Braggs, 317 F.3d 901, 904 (8th Cir. 2003) (standard of review; government has burden of proof by preponderance of evidence). In a bedroom of Favela-Corral's home, police found a semiautomatic rifle under the mattress and packages of methamphetamine in a wall vent. See United States v. Frazier, 280 F.3d 835, 853 (8th Cir.) (nexus between drug offense and weapon was established where firearm was stored in same location as drugs; government need not prove that firearm was loaded and ready for use to support enhancement), cert. denied, 537 U.S. 911 (2002).

Accordingly, we affirm.

_____